UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HAROLD LEE DOTY, JR.,<br><br>            Plaintiff,<br><br>      v.<br><br>KEEFE SUPPLY CO.,<br><br>            Defendant. | No. ED CV 17-0880-BRO (DFM)<br><br>ORDER OF DISMISSAL |

## I.

## BACKGROUND

On May 5, 2017, Harold Lee Doty ("Plaintiff"), who is currently incarcerated at the Pitchess Detention Center in Castaic, California, filed this pro se civil rights action under 42 U.S.C. § 1983. Dkt. 1 ("Complaint"); Dkt. 2.[1] The Magistrate Judge granted Plaintiff's application for leave to proceed in

---

[1] Based on the allegations of the complaints and the information available on the Los Angeles County inmate-locator website, it appears that Plaintiff has already been convicted of a crime and is now serving his sentence. In his amended complaint, Plaintiff states that he will be released from custody on August 3, 2017. Dkt. 6 at 5.

forma pauperis, and on May 12, 2017, he found that the Complaint suffered from several deficiencies and dismissed it with leave to amend. Dkts. 4, 5.

Plaintiff filed a first amended complaint on June 12, 2017. Dkt. 6 ("FAC").[2] Plaintiff alleges that that in January 2017, he ordered items from Keefe Supply Company and approximately $70 was deducted from his prisoner trust account, but he never received what he had ordered.[3] FAC at 1, 7. Plaintiff alleges that he filed grievances but the money was never returned to him, and that he received "verbal threats of disciplinary action by custody assistan[ts]." Id. at 1, 5. Plaintiff sues only the Keefe Supply Company in its official capacity.[4] Id. at 3-6.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the FAC to determine whether it is frivolous or malicious, fails to state a claim on which relief might be granted, or seeks monetary relief against a defendant who is immune from such relief. As discussed below, the FAC must be dismissed because it fails to state a claim. Because Plaintiff was previously advised of his claims' deficiencies and failed to correct them, and because

---

[2] For the FAC, the Court uses the pagination provided by CM/ECF.

[3] On the first page of the FAC, Plaintiff stated that the order and deduction from his account occurred on May 5, 2017, but that appears to be a mistake given that he filed his original Complaint, containing the same allegations as the FAC, on that date. See FAC at 1.

[4] Keefe Supply Company appears to be a private company. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). For purposes of this order, the Court assumes without deciding that Keefe is a state actor subject to suit under § 1983. Williams v. Michigan Dep't of Corr., No. 16-221, 2016 WL 6542742, at *6 n.7 (W.D. Mich. Nov. 4, 2016) (acknowledging that Keefe Commissary Network Sales was private company and assuming without deciding for purposes of opinion that it was state actor).

some of those deficiencies simply cannot be cured, dismissal will be without leave to amend.

## II.
## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Because Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and afford him the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). But "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and alteration omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). But if after careful consideration it is clear that a complaint cannot be cured by amendment, the Court may dismiss it without leave to amend. Id. at 1105-06; see, e.g., Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" when plaintiffs could not cure the "basic flaw" in the pleading); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that "[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## III.

## DISCUSSION

### A. The FAC Fails to State a § 1983 Claim Based on the Trust-Account Withdrawal

Plaintiff alleges that about $70 was deducted from his trust account, but he never received the services or items that he ordered. FAC at 1, 7, 9-11. As in the original Complaint, Plaintiff does not explain which of his constitutional

rights were violated by Defendant's alleged actions. See id. To the extent Plaintiff is raising a due process claim under § 1983, it fails for the reasons discussed below.

As the Magistrate Judge explained in his May 2017 dismissal order, a negligent or intentional unauthorized deprivation of property under color of state law does not violate the Due Process Clause if state law affords a meaningful postdeprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). The Ninth Circuit has held that California law provides an adequate postdeprivation remedy for property deprivations caused by public officials. Barnett, 31 F.3d at 816-17; see Cal. Gov't Code §§ 810-895. Whether Plaintiff succeeds in redressing his alleged loss through the available state remedies is immaterial; it is the existence of those alternative remedies that bars him from pursuing a § 1983 procedural due process claim. See Parratt, 451 U.S. at 544 ("Although the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process."); accord Dennison v. Ryan, 552 F. App'x 414, 418 (9th Cir. 2013). Plaintiff's due process claim therefore cannot succeed. See Arellano v. Self, No. 15-02300, 2016 WL 4430923, at *2 (S.D. Cal. Aug. 22, 2016) (dismissing plaintiff's claim that prison officials deprived him of due process by charging trust account for certain debts because California provides adequate postdeprivation remedy); Magallon v. Ventura Cty. Sheriff's Dept., No. 11-07053, 2011 WL 4481288, at *5 (C.D. Cal. Sept. 27, 2011) (dismissing plaintiff's claim that jail officials deprived him of due process by failing to return property that was confiscated during booking because California law provides adequate postdeprivation

remedy); Bettis v. Blackstone, No. 08-01561, 2009 WL 2971364, at *2 (E.D. Cal. Sept. 11, 2009) (finding that plaintiff could not state cognizable claim based on prison's alleged failure to deposit money into trust account because California law provides adequate postdeprivation remedy). Because allowing further amendment of this claim would be futile, it will be dismissed without leave to amend.

### B. Any Remaining Claim Fails to Comply with Federal Rule of Civil Procedure 8

As the Magistrate Judge previously informed Plaintiff, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original). Rule 8(d)(1) instructs that "[e]ach allegation must be simple, concise, and direct." A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011). This Court has discretion to dismiss for failure to comply with the requirements of Rule 8 even when the complaint is not "wholly without merit." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." Id.

Plaintiff alleges that his "release date has been treated [sic] to be changed if [he] pursue[s] this issue" and that he has received "verbal threats of disciplinary action by custody assistan[ts]." FAC at 5. As in the original Complaint, Plaintiff has alleged no facts in support of these contentions, such as who threatened him, when the threat occurred, or what disciplinary action was threatened. See Twombly, 550 U.S. at 555 n.3. Nor does he explain

whether those threats were meant to dissuade him from filing a jail grievance, a civil complaint, or both. See FAC at 7, 10, 13 (Plaintiff's inmate grievances). And the FAC does not name any jail employee as a defendant in this action. See FAC at 3-4 (naming only Keefe Supply Co. as defendant). Thus, despite having been advised of the deficiencies of this claim and being provided an opportunity to correct them, Plaintiff's allegations in the FAC are as deficient as those in the Complaint. As such, this claim will also be dismissed without leave to amend. See Mitchell v. Powers, 411 F. App'x 109, 110 (9th Cir. 2011) (affirming dismissal of prisoner's amended complaint with prejudice for raising "same deficiencies as the original complaint"); Nevijel v. N. Coast Life Ins., 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally [deficient] as the initial Complaint").

Thus, the FAC fails to state a claim upon which relief may be granted and will be dismissed without leave to amend.

## IV.
## ORDER

IT IS THEREFORE ORDERED, pursuant to 28 U.S.C. § 1915(e)(2), that this action is dismissed without leave to amend. Judgment shall be entered accordingly.

DATED: June 28, 2017

By: _____
Honorable Beverly R. O'Connell
United States District Court Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

7